# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **STEPHEN MATHEW GEORGE,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **No. 6:25-CV-00095-LS** |
| | § | |
| **KAUFMAN POLICE DEPARTMENT** | § | |
| **and OFFICER ROWDY MEIRS,** | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Mathew George sues Officer Rowdy Miers and the City of Kaufman, Texas ("Kaufman"),[1] alleging that Miers' unlawful search and arrest of him and his unnamed employee violated 42 U.S.C. § 1983.[2] Both defendants move to dismiss for failure to state a claim.[3] For the reasons that follow, the Court grants the motion to dismiss and sets a deadline for Plaintiff to amend his complaint.

## I.    LEGAL STANDARD.

A party may move to dismiss a complaint under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] Defendants argue these are the proper party names, not those used by Plaintiff in the case caption. *See* ECF No. 17 at 1.

[2] *See* ECF No. 1 at 3–4.

[3] ECF No. 17.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

for the misconduct alleged."[5] A complaint may include legal conclusions, but such conclusions must be supported by factual allegations.[6] To survive a dismissal motion, "plaintiffs must allege facts that support the elements of the cause of action."[7]

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party.[8] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] "'Naked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[10]

For section 1983 claims, a defendant may raise a qualified-immunity defense at the pleading stage.[11] The qualified-immunity doctrine shields government officials from liability "so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[12] After a defendant raises qualified immunity, "the burden shifts to the plaintiff to" show that the defense does not apply.[13] A plaintiff seeking to defeat qualified immunity must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[14] He

---

[5] *Id.*

[6] *Id.* at 679.

[7] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (citing *Twombly*, 550 U.S. at 555).

[8] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007) (citations omitted)..

[9] *Twombly*, 550 U.S. at 555.

[10] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (cleaned up)); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (noting the Court will not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions" (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc*., 365 F.3d 353, 361 (5th Cir. 2004))).

[11] *E.g.*, *Reyes v. Sazan*, 168 F.3d 158, 160 (5th Cir. 1999).

[12] *Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)).

[13] *Id.* (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)).

[14] *Id.* at 847–48 (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)).

must "plead qualified-immunity facts with the minimal specificity that would satisfy *Twombly* and *Iqbal.*"[15]

## II.     ANALYSIS.

The Court analyzes the claims against each defendant separately.

### A.     *Rowdy Miers.*

As Defendant Rowdy Miers, a City of Kaufman police officer, asserts qualified immunity, Plaintiff must show that Miers violated a statutory or constitutional right that was clearly established at the time alleged. Plaintiff did not respond to Miers' dismissal motion and his complaint alleges only that Miers "illegally searched and arrested" Plaintiff and took his property.[16] Plaintiff also alleges that he was "wrongfully incarcerated" and forced to attend court hearings until the charges against him and his unnamed employee were dismissed.[17] Plaintiff's claims against Miers are dismissed because these conclusory allegations are devoid of any factual support whatsoever, so they do not overcome Miers' assertion of qualified immunity.

### B.     *City of Kaufman.*

Defendant City of Kaufman, a municipality, argues that Plaintiff fails to state a viable *Monell*[18] claim. To state a viable *Monell* claim, a plaintiff must identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom."[19] Plaintiff alleges no official policy or custom, so his section 1983 claim against the city is also dismissed under Rule 12(b)(6).

---

[15] *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020).
[16] ECF No. 1 at 4.
[17] *Id.*
[18] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).
[19] *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

### III.     CONCLUSION.

The Court grants Defendants' motion to dismiss [ECF No. 17]. However, a *pro se* plaintiff ordinarily should be granted leave to amend his complaint before his case is dismissed.[20] Therefore, the Court grants Plaintiff leave to amend his complaint to remedy the infirmities described above. Any such amended pleading must be filed by **June 20, 2025**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on June 5, 2025.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[20] *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citation omitted).